IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kairm Hudani, | C/A No.: 1:24-436-SAL-SVH |
| Plaintiff, | |
| vs. | |
| Cathy White, SCDC Medical Department Head; Sheriff Chuck Wright; Major Leso, Head of Security; Head of Maintenance, | ORDER AND NOTICE |
| Defendants. | |

Kairm Hudani ("Plaintiff"), proceeding pro se, filed this complaint against Cathy White, Sheriff Chuck Wright Major Leso, and Head of Maintenance (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.     Factual and Procedural Background

Plaintiff complaint states he was denied adequate medical care by White, and that the air vents are full of dust, mold, and other particles. He alleges Wright is aware of these problems. He alleges he is denied pain medication that alleviated physical pain, and the physical pain causes psychological pain that constitutes cruel and unusual punishment. He further claims the filth in

1

the air vents causes breathing and sinus issues.

II. Discussion

    A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint

filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    Insufficient Allegations

Plaintiff has failed to meet the minimal standards for filing a complaint. Pursuant to Fed. R. Civ. P. 8(a), a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556

U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Here, Plaintiff only vaguely alleges unconstitutional conditions at the jail, but does not provide any specific allegations. Without more, these statements are insufficient to show Plaintiff is entitled to relief.

      2.      Medical Indifference

A claim of deliberate medical indifference requires more than a showing of mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976), and "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994) (providing greater explanation of the level of culpability required for deliberate indifference). The Fourth Circuit has noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted).

Plaintiff provides insufficient factual information to state a medical indifference claim against Defendants, as he does not describe the source of the alleged pain or what medical care has been provided. *See Thomas v. Anderson*

4

*City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053, at *3 (D.S.C. Jan. 19, 2011) (finding the Constitution requires prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Although Plaintiff argues he should have received additional or different treatment, a disagreement as to the proper treatment for an injury does not in and of itself state a constitutional violation. *See Brown v. Thompson*, 868 F. Supp. 326, 331 (S.D. Ga. 1994) (finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary).

      3.    Dirty Air Vents

As far as Plaintiff's complaints of dirty air vents, courts have previously held that exposure to mold, mildew, and odors does not meet the standard of "excessive risk" to the health and safety of an inmate under the Fourteenth Amendment. *See generally Webb v. Nicks*, No. 1:18-2007-HMH-SVH, 2019 WL 2896447, at *1-4 (D.S.C June 4, 2019), adopted by, No. 1:18-2007-HMH-SVH, 2019 WL 2869626 (D.S.C. July 3, 2019). Living conditions in prison are not always ideal, and inmates cannot expect the services and amenities afforded at a good hotel. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir 1988) (finding no constitutional violation when an inmate was not provided soap, a toothbrush, or toothpaste for ten days). Short term sanitation issues, while

5

perhaps unpleasant, do not amount to constitutional violations. *Harris v. FNU Connolly*, 5:14-cv-128-FDW, 2016 WL 676468, at *5 (W.D.N.C Feb. 18, 2016) (citing *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 958 (8th Cir. 1994)). Plaintiff's allegations, without more, do not rise to the level of a constitutional violation.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **February 28, 2024**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

February 7, 2024　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　United States Magistrate Judge

6